IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMIR FATIR,
    Plaintiff,

v.

DOWTY, et al.,
    Defendants.

Civil Action No. 95-677-GMS

FILED
JUN 27 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION FOR RELIEF FROM JUDGEMENT OR ORDER

Comes now the Plaintiff, Amir Fatir, pro se, pursuant to Rule 60, Fed.R.Civ.P., and prays this honorable court grant relief by vacating the settlement agreement reached by defendants and Plaintiff's attorney.

Under Rule 60, a party may obtain relief from a judgement within one year on a showing of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence, or fraud, misrepresentation or other misconduct by an adverse party.

Plaintiff's attorney, Edward M. McNally, misrepresented himself to Plaintiff when he wrote Plaintiff in February 2004: "I have sent Mr. Niedzielski your general thoughts on settlement, including the transfer back to Delaware to a minimum security facility. As part of my appointment to represent you, I would agree to handle the pardon petition as well."

-2-

Mr. McNally has not handled Petitioner's pardon petition and has all but ignored petitioner since his return to Delaware.

Defendants sprung surprise on Petitioner by placing him in SHU Supermax prison when Petitioner has been minimum security classified since 1987.

Mr. McNally worked in defendants' interest, not Petitioner's, by recommending that Petitioner agree to the settlement without ascertaining where Petitioner would be housed. Mr. McNally and Defendants committed enormous neglect and, since SHU did not exist when Petitioner was transferred from Delaware, his inability to determine, in advance, where he would be housed amounts to excusable neglect.

Defendants agreed to place Petitioner into "an appropriate facility" in Delaware. As SHU Supermax, MHU-21 and MHU are inappropriate based on Petitioner's prior achievement of minimum off-grounds security and even his present "9 points" rating (which Petitioner argues should be even lower), defendants committed fraud by promising an appropriate facility while actually placing Petitioner into a punitive, segregative lock down facility.

-3-

For the foregoing reasons Petitioner requests this Court to vacate the settlement agreement.

Respectfully submitted,

/s/ Amir Fatir

AMIR FATIR, pro se
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Dated: June 13, 2005

# Certificate of Service

I, AMIR FATIR, hereby certify that I have served a true and correct cop(ies) of the attached: Motion for Dismissal of Counsel and Motion for Relief From Judgment upon the following parties/person (s):

TO: Marc P. Niedzielski
Deputy Attorney General
Department of Justice
820 N. French St.
Wilm., DE 19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 22nd day of June, 2005

Amir Fatir





I/M Amir Fatir
SBI# 137010 UNIT 21, DL10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

LEGAL MAIL

Clerk
U.S. District Court
844 King St.
Wilmington, DE 19801