IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, | : |
| Plaintiff, | : |
| v. | : C.A. No. 95-677-GMS |
| DAVID DOWDY, LAWRENCE McGUIGAN, ROBERT SNYDER, | : |
| Defendants. | : |

## DEFENDANTS' OPPOSITION TO RULE 60 MOTION

Defendants hereby oppose plaintiff's motion for relief under Rule 60(b) as to the settlement agreement between the parties in October 2004. Defendants submit the following in support of their opposition:

1. By way of brief background, this case was commenced on October 31, 1995, when the Court granted plaintiff's application and complaint to proceed *in forma pauperis*. On June 20, 2000, the Court granted a motion to appoint counsel for plaintiff. (D.I. 57) Plaintiff thereafter conducted extensive discovery through counsel. (D.I. 82-127) On November 16, 2001, Defendants moved for summary judgment. (D.I. 128, 129, 130) On September 4, 2002, the Court denied summary judgment without prejudice and stayed all matters pending plaintiff exhausting his administrative remedies. (D.I. 148) On July 7, 2004, the Court entered a new scheduling order with a trial date. (D.I. 158)

On October 25, 2004, plaintiff's counsel wrote the Court informing it that

the parties had reached a settlement and enclosing a signed stipulation of dismissal. (D.I. 160, 161)

2. On June 27, 2005, plaintiff filed a motion for relief under Rule 60 to set aside the settlement agreement and to have new counsel appointed. Defendants will address plaintiff's application to have the settlement set aside. The settlement agreement between the parties is not part of the Court's record, nor is it subject to the Court's oversight. The agreement reached by the parties is attached as an exhibit. In the agreement, defendants agreed to return plaintiff to an appropriate prison facility in Delaware within sixty days of the filing of the stipulation of dismissal.

Defendants fulfilled their promise to transfer plaintiff back to Delaware to an appropriate Delaware facility on December 2, 2004. Upon arrival in Delaware, plaintiff was sent to the Secured Housing Unit (SHU) at the Delaware Correctional Center for a period observation and evaluation as is the normal course of action in cases of inmates returning to Delaware from interstate compact. On April 4, 2005, Plaintiff was reclassified with a score of 9 (resulting from his Murder 1st conviction and his escape from DCC after conviction on May 19, 1976). On May 2, 2005, plaintiff was recommended and approved for Medium High Custody in the Medium High Unit (MHU) with a future review date. On May 5, 2005, the plaintiff inmate was moved from Building 19 in MHU to Building 21 due to his quality of life level being raised to 3 on May 5, 2005.

3. To the extent plaintiff is attempting to enforce or recant the

settlement agreement, the Court lacks jurisdiction over the dispute. *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381(1994)["The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute."] *Sawka v. Healtheast, Inc.,* 989 F.2d 138, 141 (3rd Cir. 1993)["Thus the issue [plaintiff] presents is whether the district court has the power to enforce a settlement agreement which is the basis of, but not incorporated into, an order or judgment of the court. We hold it does not."]

Moreover, "assuming *arguendo* that defendants breached the terms of the settlement agreement, that is no reason to set the judgment of dismissal **aside**…" *Sawka*, *supra* at 140. The defendants respectfully submit that plaintiff's Rule 60 motion for relief should be denied on the grounds that the district court lacks the necessary jurisdiction to enforce a settlement agreement absent an independent basis for federal jurisdiction. Even if plaintiff can prove that the settlement agreement was indeed breached, this would be a state law matter and is lacking an independent basis for federal jurisdiction.

WHEREFORE, defendants request the Court deny plaintiff's Rule 60(b) motion.

        Respectfully submitted,


        <u>/s/ Marc P. Niedzielski</u>
        Ophelia M. Waters (# 3879)
        Marc P. Niedzielski (#2616)
        Deputy Attorneys General
        Department of Justice
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8324


DATED:  July 12, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date below, he caused the attached Defendants' Opposition to Rule 60 Motion to be served on the following by U.S. Mail:

>Amir Fatir,  SBI 137010
>Bldg. 21, DL10
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE  19977

>/s/ Marc P. Niedzielski
>Marc P. Niedzielski, # 2616
>Deputy Attorney General
>Carvel State Office Building
>820 N. French Street, 6th Floor
>Wilmington, DE 19801
>(302) 577-8324

DATED: July 12, 2005