Amir Fatir #137010
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977
February 16, 2005

The Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 N. King St.
Wilmington, DE 19801

RE: Fatir v. Dowty, et al.
C.A. No. 95-677 (GMS)

Dear Judge Sleet:

I would like for you to vacate the settlement agreement reached between the State of Delaware and myself.

I agreed to be transferred to "an appropriate facility" in Delaware. Since my Delaware classification has been minimum security since 1987, and since I've worked outside the prison and off-grounds, I understood "an appropriate facility" to be one of the minimum security facilities within DOC.

Instead, I was transferred to SHU

Judge Sleet
Feb. 16, 2005
Page 2

Supermax prison. There was no way I could have reasonably assumed that Delaware intended to place me in a Supermaximum prison since SHU did not exist when I was in D.C.C. and I had no knowledge it existed.

By placing me in Supermax, the State is in violation of the Settlement Agreement.

When I arrived on December 2, 2004 I wrote my court-appointed attorney requesting his assistance. I've written him twice and he has not responded to any of my letters. I've had several family members and friends call him to implore him to write or visit. He has not. I attempted to telephone him on February 11, 2005, but could not reach him. Edward McNelly, later, my sister told me he was on vacation.

I would never have settled this case if I knew Del. planned to bury me in a Supermax prison. I have not had a infraction conviction since 1984.

Delaware should have disclosed its intention to house me in Supermax and my attorney should have protected my

Judge Sleet
Feb. 16, 2005
Page 3

interests by making certain Delaware wasn't trying to trick me into settling for a transfer that was to my detriment.

Previously, I'd made clear, in writing, to Gretchen Bender that I'd only agree to transfer to a minimum or medium-low facility — if the State had a pre-existing law prohibiting lifers from living in minimum.

Because of this transfer I've again lost 95% of my property. I was forced to mail it out, including my eyeglasses, medication, books and a new manuscript I'd written entitled "Islamic Yoga" and which is being considered by a major publisher.

I am only permitted two books in SHU, a rule that gets a close to true slavery prohibition against reading as is currently possible.

I can only spend $10 every two weeks, and that includes stamps, paper, medicine, envelopes and food.

The restriction on stamps violates my First Amendment right to free speech.

Placement in supermax violates my due process since I earned my classification to minimum and have done nothing to lose

Judge Sleet
Feb. 16, 2005
Page 4

my minimum classification.

My second day in SHU I was "classified" to 60 days in SHU "for observation." These 60 days expired Feb. 2, 2005 and no action has been taken to get me back to minimum.

I was told that the current Warden, Tom Carroll, insists that all out of state transfers go through SHU. If that's the case, that an arbitrary and capricious order that violates classification procedure and exacerbates and compounds the "retaliatory transfer" that was the cause of the civil action.

I am only allowed out of my cell 3 hours per week, 3 showers per week, and whenever I'm let out I'm shackled hands-behind-back and ankles too if I'm leaving the tier.

There are no programs or jobs in SHU. I am not allowed to sweep or mop my cell. Cold air blows through the vents without pause, regardless of the temperature.

Please treat this letter as a motion for vacating the settlement agreement and re-establishing the June 2005 trial date.

Judge Sleet
Feb. 16, 2005
Page 5

Since all discovery has occurred, no party would be injured or prejudiced if you permitted us to proceed to trial.

Whatever money the State spent on my transfer back to Delaware — in shackles for most of the eight day bus ride — is the same money they would have spent to get me to trial. Thus, they are not injured by vacating the settlement agreement.

Please also consider this letter a request and motion for injunctive relief for removal from maximum security and placement in minimum security, the level of security that is appropriate.

Respectfully submitted,
Amir Fatir
AMIR FATIR #137010