IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Amir FATIR,  )
    Plaintiff,  )
    v.  ) C.A. NO. 95-677-GMS
DAVID DOWTY, et al.,  )
    Defendants.  )

FILED
JUL 25 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO RULE 60 MOTION

1. Rule 60(b) states: "The court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for... (1) mistake, inadvertence, surprise, or excusable neglect... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party... or (6) any other reason justifying relief from the operation of the judgment."

2. This court therefore has the power to vacate its prior order of dismissal.

3. Defendants committed fraud by omission when they failed to inform Plaintiff that they intended to disregard his minimum classification and place him in Supermax SHU. No reasonable person could believe that Plaintiff would have agreed to a settlement had Defendants made their intentions known.

-2-

4. Since, as Defendants assert, placement in SNU "is the normal course of action in cases of inmates returning to Delaware from interstate compact," Defendants were obligated to inform Plaintiff of that instead of hiding behind "appropriate facility".

5. Since SNU did not exist when Plaintiff was transferred to Arizona, Plaintiff operated under the knowledge that the "appropriate facility" would be consistent with the minimum classification level he had achieved in 1987 and had committed no rule infractions which would make classification to a higher security level possible under the law.

6. Plaintiff was subjected to surprise by his placement in Supermax SNU.

7. Plaintiff's present housing in MNU-21 is virtually identical to SNU. Building 21 is supposedly a "transition" building to medium High custody (Buildings 22 and 23). The lockdown situation is the same as SNU (165 hours, or more, per week out of 168 hours). The only differences between SNU and MNU 21 are the letters and the burden of being locked in a room with another man for all but 3 hours a week.

-3-

8. "Pro se pleadings by prisoners must be liberally construed,... without regard for technicalities." <u>Wallace v. McManus</u>, 776 F.2d 915, 916. "We construe Wallace's motion as seeking relief under <u>Rule 60(b)(1)</u>, which permits the trial court to relieve a party from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect,'" <u>Wallace</u> at 916-917.

9. "Rule 60(b) is a remedial rule to be liberally construed against the compelling interest in finality of judgments." <u>Wallace</u> at 917.

10. In <u>Sawka v. Healtheast Inc.</u>, 989 F.2d 138, the court wrote "[a]ny time a district [court] enters a judgment, even one dismissing a case by stipulation of the parties, [it] retains, by virtue of <u>Rule 60(b)</u>, jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule[.]" (quoting <u>McCall-Bey v. Franzen</u>, 777 F.2d 1178, 1186 (7th Cir. 1985).

11. Relief under Rule 60(b)(6) can be "granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." <u>Sawka</u> at 140. Plaintiff has been subjected to just such "extreme and unexpected hardship" that rises to cruel and unusual punishment when Plaintiff's failure to commit a single rule infraction warranting

Case 1:95-cv-00677-GMS    Document 169    Filed 07/25/2005    Page 6 of 16

- 4 -

Such torture is taken into consideration.

12. In <u>Kokkonen v. Guardian Life Insurance of America</u>, 114 S. Ct. 1673, upon which Defendants rely, the Petitioner sought <u>enforcement</u> of the Settlement Agreement. In the instant case, Plaintiff asks this Court, in the interest of justice, to vacate the settlement. "It must be emphasized that what respondent seeks... is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rules of Civil Procedure 60(b)(6)." <u>Kokkonen</u>, at 378.

13. In <u>Kokkonen</u> the Supreme Court said: "Generally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent... and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." <u>Kokkonen</u> at 379-380.

14. The prison's new score system cannot be applied to Plaintiff without violating both <u>ex post facto</u> and double jeopardy. Plaintiff is entitled to the classification minimum criteria extant at the time of his arrest. By the new criteria a point score of 8 is required for minimum and Plaintiff can never — by virtue of his sentence — go beneath a 9.

15. But Defendants continue to trample upon Plaintiff's rights. His score of 9 entitles him to Low Medium, not High Medium. So the reclassification of Plaintiff to High Medium (while keeping him in Maximum) violates Defendants' own classification system.

16. Defendants' assertion of a need to evaluate Plaintiff for many months is disingenuous since they've known Plaintiff for 30 years and, even during his 8½ years of exile, got regular progress reports from Arizona.

17. Plaintiff — despite his 9 (Low medium) score has been assigned to MHU until November 2006. Thus Defendants have no true respect for either the old or new classification criteria.

18. Plaintiff begs the indulgence of the Court. He is not able to do legal research due to his retaliatory confinement in Supermax. However, relatively recent Arizona

- 6 -

prison cases in District Court and the 9th Circuit show consent decrees and settlements being vacated by request of prison officials. The cases are <u>Heck</u> and <u>Gluthe</u>.

19. <u>Heck</u> and <u>Gluthe</u> prove that federal courts have the power to vacate settlements.

WHEREFORE, Plaintiff requests the Court grant Plaintiff's Rule 60(b) motion.

Respectfully submitted,

Amir FATIR, pro se
#137010
D.C.C.
1181 Paddock Rd.
Smyrna, DE 19977

Dated: July 18, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that on the date below he caused the attached Plaintiff's Response to Defendants' Opposition to Rule 60 motion to be served on the following by U.S. mail:

    Marc P. Niedzielski, Esq.
    Deputy Attorney General
    820 N. French St.
    Wilm, DE 19801

DATED: 7/18/05



Clerk
United States District Court
844 King St.
Wilmington, DE 19801

IM Amir Fatir
SBI# 137010  UNIT MAU
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Case 1:95-cv-00677-GMS    Document 169    Filed 07/25/2005    Page 16 of 16