### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, ) ) Plaintiff, ) ) v. ) ) DAVID DOWDY, PATRICK RYAN, BARRY ) HAWLK, LAWRENCE McGUIGAN, ) ROBERT SNYDER, CARL DANBERG, ) STANLEY TAYLOR, and COLLEEN T. ) SCHOTZBERGER, ) ) Defendants. ) ) | Civil Action No. 95-677-GMS |

### ORDER

1.  Presently before the court are several of Fatir's outstanding motions: (1) motions to vacate the judgment, pursuant to Fed. R. Civ. P. 60 (D.I. 163, 168); (2) motion for injunctive relief for removal from maximum security and placement in minimum security (D.I. 168); and (3) motion to dismiss appointed counsel, and to appoint new counsel (D.I. 164). For the following reasons, the court will deny Fatir's motions.

2.  Fatir instituted the above-captioned action, the details of which are unimportant, on October 31, 1995. (D.I. 1.) On June 20, 2000, the court granted Fatir's motion to appoint counsel. (D.I. 57.) Subsequently, Fatir signed a settlement agreement, that was not incorporated into the stipulation of dismissal, stating in relevant part:

    > Within 60 days after this Agreement is executed and the Litigation dismissed, defendants shall cause Mr. Fatir to be transferred to an appropriate facility of the [Department of Corrections ("DOC")] within the State of Delaware, at the expense of the DOC.

(D.I. 166, Attach. 1 at 1.) Pursuant to this provision, Fatir was transferred to the Secured Housing Unit ("SHU") at the Delaware Correctional Center, which is a maximum security prison. (D.I. 166 at 2.)

3. Fatir argues that the court should vacate the stipulation of dismissal because the defendants failed to adhere to the settlement agreement by housing him at SHU instead of a minimum security facility. He says that he never would have agreed to the settlement agreement if he had known he was going to SHU. (D.I. 168 at 2.) Moreover, since SHU was allegedly not in existence at the time Fatir signed the settlement agreement, he points out that he could not have been aware that SHU was even a possibility. (Id.)

4. Fatir's argument is not convincing because he has demonstrated neither "mistake, inadvertence, surprise, or excusable neglect," Rule 60(b)(1), nor "fraud . . ., misrepresentation, or other misconduct of an adverse party," Rule 60(b)(3). More specifically, the fact that Fatir was not aware of the SHU facility when he signed the agreement is not excusable neglect, as he contends. (D.I. 163 at 2.) Fatir has been in prison for a long time, and he was surely aware of the existence of various security classifications, including maximum security. Moreover, there is no allegation of fraud, misrepresentation, or other misconduct by the defendants because, as Fatir admits, he acceded to his attorney's recommendation that he "agree to the settlement without ascertaining where [he] would be housed." (Id.) Thus, although he made it clear that he desired a guaranteed assignment to a minimum security facility, he signed a settlement that merely guaranteed assignment to "an appropriate facility." The question of whether SHU is "an appropriate facility" is not probative as to the existence of fraud, misrepresentation, or other misconduct.

5. Therefore, the court will deny Fatir's Rule 60 motions, and deny the remaining motions as moot. Any other alleged constitutional, statutory, or contractual violations by the defendants should be addressed in a separate action.

IT IS HEREBY ORDERED THAT:

1. Fatir's motions to vacate the judgment, pursuant to Fed. R. Civ. P. 60 (D.I. 163, 168) be DENIED; and

2. Fatir's motion for injunctive relief for removal from maximum security and placement in minimum security (D.I. 168), and his motion to dismiss appointed counsel, and to appoint new counsel (D.I. 164) be DENIED as moot.

Dated: October 5, 2005

_____
UNITED STATES DISTRICT JUDGE



FILED
OCT 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE