IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 95-677-GMS |
| DAVID DOWDY, PATRICK RYAN, BARRY HAWLK, LAWRENCE McGUIGAN, ROBERT SNYDER, CARL DANBERG, STANLEY TAYLOR, and COLLEEN T. SCHOTZBERGER, | ) |
|       Defendants. | ) |

## ORDER

1. Presently before the court are several of Fatir's outstanding motions: (1) motions to vacate the judgment, pursuant to Fed. R. Civ. P. 60 (D.I. 163, 168); (2) motion for injunctive relief for removal from maximum security and placement in minimum security (D.I. 168); and (3) motion to dismiss appointed counsel, and to appoint new counsel (D.I. 164). For the following reasons, the court will deny Fatir's motions.

2. Fatir instituted the above-captioned action, the details of which are unimportant, on October 31, 1995. (D.I. 1.) On June 20, 2000, the court granted Fatir's motion to appoint counsel. (D.I. 57.) Subsequently, Fatir signed a settlement agreement, that was not incorporated into the stipulation of dismissal, stating in relevant part:

> Within 60 days after this Agreement is executed and the Litigation dismissed, defendants shall cause Mr. Fatir to be transferred to an appropriate facility of the [Department of Corrections ("DOC")] within the State of Delaware, at the expense of the DOC.

(D.I. 166, Attach. 1 at 1.) Pursuant to this provision, Fatir was transferred to the Secured Housing Unit ("SHU") at the Delaware Correctional Center, which is a maximum security prison. (D.I. 166 at 2.)

3. Fatir argues that the court should vacate the stipulation of dismissal because the defendants failed to adhere to the settlement agreement by housing him at SHU instead of a minimum security facility. He says that he never would have agreed to the settlement agreement if he had known he was going to SHU. (D.I. 168 at 2.) Moreover, since SHU was allegedly not in existence at the time Fatir signed the settlement agreement, he points out that he could not have been aware that SHU was even a possibility. (Id.)

4. Fatir's argument is not convincing because he has demonstrated neither "mistake, inadvertence, surprise, or excusable neglect," Rule 60(b)(1), nor "fraud . . ., misrepresentation, or other misconduct of an adverse party," Rule 60(b)(3). More specifically, the fact that Fatir was not aware of the SHU facility when he signed the agreement is not excusable neglect, as he contends. (D.I. 163 at 2.) Fatir has been in prison for a long time, and he was surely aware of the existence of various security classifications, including maximum security. Moreover, there is no allegation of fraud, misrepresentation, or other misconduct by the defendants because, as Fatir admits, he acceded to his attorney's recommendation that he "agree to the settlement without ascertaining where [he] would be housed." (Id.) Thus, although he made it clear that he desired a guaranteed assignment to a minimum security facility, he signed a settlement that merely guaranteed assignment to "an appropriate facility." The question of whether SHU is "an appropriate facility" is not probative as to the existence of fraud, misrepresentation, or other misconduct.

-2-

5. Therefore, the court will deny Fatir's Rule 60 motions, and deny the remaining motions as moot. Any other alleged constitutional, statutory, or contractual violations by the defendants should be addressed in a separate action.

IT IS HEREBY ORDERED THAT:

1. Fatir's motions to vacate the judgment, pursuant to Fed. R. Civ. P. 60 (D.I. 163, 168) be DENIED; and

2. Fatir's motion for injunctive relief for removal from maximum security and placement in minimum security (D.I. 168), and his motion to dismiss appointed counsel, and to appoint new counsel (D.I. 164) be DENIED as moot.

Dated: October 5, 2005

UNITED STATES DISTRICT JUDGE



**Orders on Motions**
1:95-cv-00677-GMS Fatir v. Snyder, et al CASE CLOSED on 10/25/2004

U.S. District Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from asw, entered on 10/6/2005 at 3:21 PM EDT and filed on 10/6/2005
**Case Name:**      Fatir v. Snyder, et al
**Case Number:**    1:95-cv-677
**Filer:**
**WARNING: CASE CLOSED on 10/25/2004**
**Document Number:**   172

**Docket Text:**
ORDER denying [163] Motion to vacate the judgment; denying as moot [164] Motion to Appoint Counsel . Signed by Judge Gregory M. Sleet on 10/6/05. (asw )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/6/2005] [FileNumber=109461-0]
[b1cab1eb81ff5c974e745b90c69fa28362ac40b0ad797f554829e1374ef95465fbac
a25e0b38439717f2a670fc5fff63facc905cac6e16feebf1250905bc144f]]

**1:95-cv-677 Notice will be electronically mailed to:**

Edward M. McNally      emcnally@morrisjames.com. LTosi@morrisjames.com

Marc P. Niedzielski    marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

Ophelia Michelle Waters    ophelia.waters@state.de.us,

**1:95-cv-677 Notice will be delivered by other means to:**

Amir Fatir
#121867
Arizona State Prison
P.O. Box 5000
Florence, AZ 85232

95-CV-677   GMS

Amir Fatir
#121867
Arizona State Prison
P.O. Box 5000
Florence, AZ 85232

Judge Gregory M. Sleet
UNITED STATES DISTRICT COURT
844 N. King Street, Lock Box 18
Wilmington, DE 19801-3570

OFFICIAL BUSINESS

2005 OCT 26 PM 2: 56

☞ Return to sender
☒ NAME & NUMBER DON'T MATCH
☒ NOT AT ASPC-FLORENCE
— REFUSED BY INMATE
— UNAUTHORIZED CORRESPONDENCE

NIXIE    850    1    40    10/10/05
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
DC: 19801351919    *1527-07820-07-40*